## In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

THOMAS RIVERS,

    Defendant.

Criminal Complaint

CASE NUMBER: 07- 153 M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about <u>August 21, 2007</u> in the District of Delaware, Defendant THOMAS RIVERS did: (1) knowingly possess in and affecting interstate and foreign commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year, in violation of Title <u>18,</u> United States Code, Section(s) <u>922(g)(1) and 924(a)(2).</u>

I further state that I am a(n) <u>Special Agent, ATF</u> and that this complaint is based
                                              Official Title
on the following facts:

<u>See</u> attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes


FILED
AUG 2 2 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Diane Iardella
Special Agent, ATF

Sworn to before me and subscribed in my presence,

<u>August 22, 2007</u>      at    <u>Wilmington, DE</u>
Date                                          City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer             Signature of Judicial Officer

## AFFIDAVIT OF SPECIAL AGENT DIANE M. IARDELLA

1. Your affiant is Special Agent Diane M. Iardella. Your affiant has been a law enforcement officer for over 19 years with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). As part of my duties, responsibilities and training, and in the course of my investigative experience, I have become familiar with the statutes, rules and regulations, policies and procedures, relating to the Bureau of Alcohol, Tobacco, Firearms and Explosives, including but not limited to the possession of firearms by persons prohibited, and other laws enforced by the Bureau of Alcohol, Tobacco, Firearms and Explosives. I am a graduate of the Federal Law Enforcement Training Center, Glynco, GA, Criminal Investigation Course and the Bureau of Alcohol, Tobacco and Firearms New Agent Training Course. I have been involved in the investigation of approximately 200 cases involving firearms violations. I have participated in the seizures of approximately 800 firearms and the seizures of approximately 20,000 rounds of ammunition. I have previously qualified as an expert witness regarding the identification, origin and classification of firearms in the U.S. District Court for the District of Delaware.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of all the below stated evidence occurred on August 21, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by one or more Wilmington Police Officers with personal knowledge of the seizure of the below items.

4. Your affiant reviewed the computer criminal history information for the Defendant, Thomas Rivers, from the Delaware Justice Information System (DELJIS) and learned that the defendant has a prior felony conviction for Possession of a Deadly Weapon (Firearm) By Person Prohibited from on or about 10/23/06 in the Superior Court of the State of Delaware, a crime punishable by imprisonment for a term exceeding one year. Your affiant also learned from those DELJIS computer checks that the defendant has prior felony convictions for Burglary 3rd Degree and Possession With Intent to Deliver A Non-Narcotic Schedule I Controlled Substance in 2006 in Superior Court of the State of Delaware, crimes punishable by imprisonment for a term exceeding one year.

5. As stated to me by one or more Wilmington Police Officers with personal knowledge of the above facts, I learned the following. While on surveillance in a certain location in the city of Wilmington, Wilmington Police officers observed Thomas Rivers approaching an individual standing on a corner. The officer knew Rivers to be a felon from a prior firearms conviction and on probation. The officers observed Rivers grabbing his right side waistband. Rivers saw the officers and started to walk away holding his right side. The officers attempted to conduct a pedestrian stop and Rivers starting running away. While an officer pursued Rivers on foot, the officer observed Rivers take a gun out with his right hand and throw it up in the air. The officer observed the gun land on the ground which he picked up and continue to pursue Rivers. Other officers were attempting to take Rivers into custody and tried to get his hands behind his back but Rivers continued to resist. At this time the officer used a taser gun on Rivers to subdue him.

Rivers was taken into custody. Rivers received a laceration to his face and was transported to the hospital. The firearm taken into custody by the officer was a Glock .40 caliber pistol loaded with one round in the chamber and fourteen in the magazine.

6. From training and experience and based upon information provided by a Wilmington Police officer who personally saw the above firearm, your affiant knows that the above - mentioned firearm is a firearm as defined in 18 USC, Chapter 44, Section 921(a)(3) and was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate and/or foreign commerce.

7. From information provided to me by one or more Wilmington Police Officers with personal knowledge of the below facts, your affiant learned that prior to treatment at the hospital the defendant was advised of his Miranda rights by a Wilmington Police Officer and the defendant essentially stated that he understand his rights and voluntarily waived his Miranda rights. Following the waiver of his Miranda rights, the defendant voluntarily essentially told the Wilmington Police, among other things, that he possessed the seized firearm and that the individual on the corner with him had a gun. Rivers stated that he and the individual were "beefing" and he went up to confront him. He stated that he had purchased the gun on the street for $450.00.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g) and 924(a)(2) by possessing in and affecting interstate and/or foreign commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year and respectfully requests that the Court issue a Criminal Complaint charging that offense.

_____
Diane M. Iardella
Special Agent, ATF

Sworn to and subscribed in my presence
this ___ day of _____ 2007

_____
Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware